**QUI LIN XUE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 03–40062–AG.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney, Barbara J. Sullivan, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Qui Lin Xue, through counsel, petitions for review of the BIA's order affirming the decision of an immigration judge ("IJ") that denied Xue's claims for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). Xue alleged he feared persecution because of his opposition to China's coercive population policy. The IJ found Xue was not credible and, therefore, did not demonstrate eligibility for the relief he sought. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

The IJ found Xue not credible because Xue failed to mention in his airport inter-

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

view the alleged abortion that he detailed in his asylum application and his in-court testimony. Indeed, contrary to Xue's later claim that his wife's pregnancy was aborted when she was discovered pregnant after she thought she had a cold and went to a government hospital for treatment, Xue claimed in his airport interview that when his wife went in for her quarterly checkup, she was "suspected ... [of] planning on having another child," but that she was not pregnant. Under the factors laid out in *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–182 (2d Cir.2004), and *Latifi v. Gonzales*, 430 F.3d 103, 104–05 (2d Cir.2005) (per curiam), the airport interview is a reliable and, thus, appropriate source of evidence for the IJ's finding that Xue is not credible.

The IJ also determined that Xue was not credible because of the inconsistencies between his in-court testimony and asylum application, and his credible fear interview. In his credible fear interview, Xue was asked questions designed to elicit details of his claim of persecution, including questions concerning any persecutorial acts that might have been directed at his family. As with his airport interview, Xue failed to mention the alleged abortion of his wife and he stated that it was during a routine quarterly exam that the officials discovered his wife had had her IUD removed.

The IJ's determination that Xie was not credible is thus supported by substantial evidence. Since Xue failed to meet the lesser standard for asylum, he cannot meet the more exacting standard for withholding of removal. *See Ramsameachire*, 357 F.3d at 178. Because Xue did not raise his CAT claim before the BIA, and he does not raise it in this Court, his claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.